

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00116-CR

**WILLIAM RAY RUST,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 29289**

## MEMORANDUM OPINION

A jury found William Ray Rust guilty of the felony offense of failure to register as a sex offender. *See* TEX. CODE CRIM. PROC. arts. 62.055(a); 62.102(a), (b)(2). Specifically, Rust was charged with and convicted of failing to report an intended change of address within seven days of the intended change. *Id.* The trial court sentenced Rust to four years in prison. Because the evidence is sufficient to support the conviction, the trial court's judgment is affirmed.

SUFFICIENCY OF THE EVIDENCE

Rust represented himself, with standby counsel, at trial. He is represented by counsel on appeal. In one issue on appeal, Rust contends the evidence is insufficient to support his conviction because the State did not prove, with direct evidence, that Rust intended to change his address.

*Standard of Review*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is

sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

*Offense*

Pursuant to article 62.055(a) of the Code of Criminal Procedure, a person who is required to register as a sex offender and who intends to change addresses, must, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority and provide the authority and the officer with the person's anticipated move date and new address. *Id.* art. 62.055(a). A person commits an offense if the person fails to timely report the intended change in address. *See id.* art. 62.102.

*Evidence*

Rust was registered to live at a certain address in Huntsville, Texas. In May of 2019, Rust wanted to be de-registered from the sex offender registry and became confrontational with the sex offender registration clerk when she told Rust that she could not help him de-register.

An apartment complex owner from Loveland, Colorado noticed Rust coming and going at the complex for a couple of days. On about October 7, 2019, he had a conversation with Rust, informing him that if he was going to stay more than a week and a half or two weeks, Rust would have to put down a deposit. Rust told the owner he had only been there a few days.

The owner later learned from a tenant that Rust had some "issues" in Texas and would not be able to stay long. The tenant was concerned enough about the "issues" Rust had that the tenant thought the owner should talk to the police about Rust. The owner saw Rust two or three more times and estimated that Rust was at the complex for a week and a half from the time the owner called the police to the time Rust left.

On October 7, 2019, a detective from the Loveland Police Department in Colorado called the registration authority in Huntsville to report he had received a tip that Rust was living in Loveland. The detective had learned from the apartment complex owner that Rust was a registered sex offender and had "issues" in Texas. The detective also learned that the Loveland Police Department had previously made contact with Rust in September of 2019 at the same complex. Officers monitored this address to see whether Rust was coming and going from the complex. The detective obtained information on the car Rust was driving and learned Rust's car had been seen numerous times. Ultimately, the detective did not charge Rust with any offense because Rust left the area by approximately October 14, 2019.

As a result of the call from the detective, a Walker County Sheriff's Deputy was sent to Rust's address to see if Rust was at the address. Rust was not at the address.

Rust's alleged roommate was at the residence and told the deputy that Rust had lived there but had left the residence on August 19, 2019. The deputy further testified that in a written statement, the roommate said Rust left the residence on August 1, 2019.[1] The registration clerk was never notified that Rust was moving residences.

Rust testified that he had been in Colorado, but that Loveland was not the place he intended to move. He wanted to move to Fort Collins, Colorado. He did not notify anyone of his intent to move.

*Application*

The State alleged Rust failed to report in person and provide to the Walker County Sheriff's Office an intended change of his address within seven days of the intended change. The evidence showed that Rust had left his residence by August 19, 2019, at the latest. He was in Loveland, Colorado in September and October of 2019. He wanted to move to Fort Collins, Colorado, and did not notify anyone of his intent to move.

**CONCLUSION**

The jury is the sole judge of the credibility and weight to be attached thereto, including whether to believe all of a witnesses' testimony, portions of it, or none of it. *Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014). Further, direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App.

---

[1] Rust did not object to the testimony from the deputy regarding what the roommate said or what the roommate had written. A trier of fact is entitled to give probative value to "inadmissible hearsay admitted without objection." TEX. R. EVID. 802; *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

2015).  Thus, after viewing all of the evidence in the light most favorable to the verdict, we find the evidence is sufficient to support the verdict.

Rust's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed January 25, 2023
Do not publish
[CR25]

